THOMAS M. HOIDAL
Law Office of Thomas M. Hoidal, P.L.C.
111 W. Monroe St., Suite 1210
Phoenix, AZ 85003
thoidal@hoidallawoffice.com
State Bar No. 007194
Telephone: (602) 254-0202
Facsimile: (602) 254-0404

Attorney for Defendant PETE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR03-00355-004-PCT-RCB |
|---|---|
| Plaintiff, | **SENTENCING MEMORANDUM** |
| v. | |
| Branden Pete, | |
| Defendant. | |

Defendant, Branden Pete, by and through his counsel, Thomas M. Hoidal, hereby submits the attached Memorandum in connection with the sentencing on April 3, 2006.

RESPECTFULLY SUBMITTED this 31st day of March, 2006

                                         LAW OFFICE OF THOMAS M. HOIDAL, P.L.C.

                                       s/ Thomas M. Hoidal
                                       THOMAS M. HOIDAL
                                       Attorney for Defendant PETE

## MEMORANDUM

BRANDEN PETE is scheduled for sentencing based on his conviction after jury trial in this case. Defense counsel has received the final presentence report which includes Sentencing Recommendation for Pete. A sentence of life imprisonment is recommended as to each count, concurrent. Defendant Pete was convicted of the lesser included offense of second degree murder on count 1, and of the remaining 6 counts in the Indictment.

While counts 2 and 4, charging felony murder in violation of 18 U.S.C. §§ 1153 and 1111 carry a mandatory sentence of life imprisonment, a sentence of life is not required on any of the other counts. In fact, it would be improper under controlling Ninth Circuit Authority to sentence the defendant on the lesser included offenses of kidnapping in count 3, aggravated sexual abuse in count 5 and sexual abuse resulting in death. In United States v. Jose, 425 F.3d 1237 (9th Cir. 2005). The defendants were originally convicted of felony murder, but that conviction was reversed on appeal. On remand the District Court denied the defendant's motion to bar a retrial of felony murder charges on double jeopardy grounds. The defendants alleged that their conviction on lesser include predicate felonies for the felony murder charge barred retrial on the greater offense. The Ninth Circuit affirmed but discussed in detail the course a District Court should take when considering an indictment that includes felony murder as well as predicate felonies. That is the situation in this case where the charges in counts 3, 5 and 6 are lesser included offenses of the felony murder charges. The Court of Appeals specifically directed the District Court **not** to impose sentence on the predicate felonies even though they are charged in separate counts:

> Should a jury find a defendant guilty of both the greater and lesser included offenses within the same indictment, Rutledge counsels that the district court not enter a final judgment of conviction on both offenses, unless Congress clearly indicates that it intended to allow multiple punishments. Id. at 301-03, 116 S. Ct. 1241. Even if the district court does not impose sentence on the lesser included offenses, as was the case here, the bare existence of the other convictions may have

> potentially adverse collateral consequences, such as delaying eligibility for parole or enhancing a sentence for a future conviction under a recidivist statute. *See* id. at 302, 116 S. Ct. 1241 (citing Ball v. United States, 470 U.S. 856, 864-65, 105 S. Ct. 1668, 84 L.Ed.2d 740 (1985)). Thus, when a jury convicts on both the greater and lesser included offenses, absent a clear indication by Congress that it intended to allow punishment for both offenses, the district court should enter a final judgment of conviction on the greater offense and vacate the conviction on the lesser offense. Rutledge, 517 U.S. at 306, 116 S. Ct. 1241 (endorsing this practice).

Id. at 1247.

Therefore, this Court should enter judgment and impose sentence on counts 1, 2, 4 and 7 only. While sentences of life imprisonment are mandatory on counts 2 and 4, counts 1 and 7 do not require sentences of life imprisonment. Given the defendant's young age at the time of these offenses, and the testimony at trial concerning the lack of frontal lobe development in a juvenile which impacts their judgment, a concurrent sentence of less than life imprisonment would be appropriate on those counts.

RESPECTFULLY SUBMITTED this ___31st___ day of March, 2006.

LAW OFFICE OF THOMAS M. HOIDAL, P.L.C.

s/ Thomas M. Hoidal
_____
THOMAS M. HOIDAL
Attorney for Defendant PETE

ORIGINAL electronically filed this ___31st___ day of March, 2006, with:

United States District Court
District of Arizona
CM/ECF - azd

COPY electronically distributed this same date to:

Vincent Q. Kirby                    Vincent.Kirby@usdoj.gov
Assistant United States Attorney

-4-

1  A COURTESY COPY of the foregoing
2  mailed this same date to:

3    Honorable Robert C. Broomfield
     United States District Judge
4    Sandra Day O'Connor U.S. Courthouse
5    401 West Washington Street
     Phoenix, AZ  85003-2158
6

7
   s/ Thomas M. Hoidal
8

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28