*UNITED STATES DISTRICT COURT*
*DISTRICT OF ARIZONA*

United States of America

v.

Branden Bruce Pete
Aliases: Brandon Pete; Baby Bear

USM#: 80183-008

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed on or After November 1, 1987)

No. CR 03-00355-004-PCT-RCB

Thomas M. Hoidal (Appointed)
Attorney for Defendant

**THERE WAS A** verdict of guilty on 10/31/2005 as to Counts One, Two, Four and Seven of the Superseding Indictment.

**ACCORDINGLY, THE COURT HAS ADJUDICATED THAT THE DEFENDANT IS GUILTY OF THE FOLLOWING OFFENSE(S):** violating Title 18, USC §1153 and 1111, CIR-Second Degree Murder, a lesser included offense of First Degree Murder, a Class A Felony offense, as charged in Count One of the Superseding Indictment; Title 18, USC §1153, 1111 and 1201(a)(2), CIR-Felony Murder,Kidnapping, a Class A Felony offense, as charged in Count Two of the Superseding Indictment; Title 18, USC § 1153, 1111 and 2241(a)(1), CIR- Felony Murder, Aggravated Sexual Abuse, a Class A Felony offense, as charged in Count Four of the Superseding Indictment; Title 18, USC §1117, Conspiracy to Murder, a Class A Felony offense, as charged in Count Seven of the Superseding Indictment.

**IT IS THE JUDGMENT OF THIS COURT THAT** the defendant is hereby committed to the custody of the Bureau of Prisons for a term of **LIFE** on Counts One, Two, Four and Seven, said counts to run concurrently. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **SIXTY (60) MONTHS** on Counts One, Two, Four and Seven, said counts to run concurrently.

**IT IS FURTHER ORDERED** that all remaining counts are dismissed pursuant to Court order.

**CRIMINAL MONETARY PENALTIES**

The defendant shall pay to the Clerk the following total criminal monetary penalties:

**SPECIAL ASSESSMENT:** $400.00   **FINE:** $0   **RESTITUTION:** $4,688.04

The Court finds the defendant does not have the ability to pay a fine and orders the fine waived.

Restitution shall be paid to the following victims in the following amounts:

Cori Brown in the amount of $325.00 and Navajo County Victim Compensation Program in the amount of $4,363.04 to be paid jointly and severally with the co-defendant(s) in this case.

If released from custody and the defendant has not paid the special assessment and the restitution in full, payments on the restitution first shall commence at a rate not less than $150.00 per month to commence within Ninety (90) days of release from custody and the full amount shall be paid not less

Case 3:03-cr-00355-SMM   Document 302   Filed 06/15/06   Page 2 of 4

CR 03-00355-004-PCT-RCB                                                                 Page 2 of 4
USA vs. Branden Bruce Pete

than Six (6) months prior to the expiration of supervision.

While incarcerated, payment of criminal monetary penalties are due during imprisonment at a rate of not less than $25 per quarter and payment shall be made through the Bureau of Prisons' Inmate Financial Responsibility Program. Criminal monetary payments shall be made to the Clerk of U.S. District Court, Attention: Finance, Suite 130, 401 West Washington Street, SPC 1, Phoenix, Arizona 85003-2118. Payments should be credited to the various monetary penalties imposed by the Court, first restitution then special assessment in the priority established under 18 U.S.C. § 3612(c). The total special assessment of $400.00 shall be paid pursuant to Title 18, United States Code, Section 3013 for Count One, Two, Four and Seven of the Superseding Indictment.

Any unpaid balance shall become a condition of supervision and shall be paid within 90 days prior to the expiration of supervision. Until all restitutions, fines, special assessments and costs are fully paid, the defendant shall immediately notify the Clerk, U.S. District Court, of any change in name and address. The Court hereby waives the imposition of interest and penalties on any unpaid balances.

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant is placed on supervised release for a term of **SIXTY (60) MONTHS** on Counts One, Two, Four and Seven, said counts to run concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

<u>For offenses committed on or after September 13, 1994</u>: The defendant shall refrain from any unlawful use of a controlled substance. Pursuant to 18 USC §3563(a)(5) and 3583(d) the defendant shall submit to one drug test within 15 days of release from imprisonment and such other periodic drug tests thereafter, as directed from time to time by the probation officer.

The defendant shall not possess a firearm, ammunition or other dangerous weapon as defined in 18 U.S.C. §921.

It is the order of the Court that, pursuant to General Order 05-36, which incorporates the requirements of USSG §§5B1.3 and 5D1.2, you shall comply with the following conditions:
1)   You shall not commit another federal, state, or local crime during the term of supervision.
2)   You shall not leave the judicial district or other specified geographic area without the permission of the Court or probation officer.
3)   You shall report to the Probation Office as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.
4)   You shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
5)   You shall support your dependents and meet other family responsibilities.
6)   You shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
7)   You shall notify the probation officer at least ten days prior to any change of residence or employment.
8)   You shall refrain from excessive use of alcohol and are subject to being prohibited from the use of alcohol if ordered by the Court in a special condition of supervision.
9)   You shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 801) or any paraphernalia related to such substances, without a prescription by a licensed medical practitioner. Possession of controlled substances will result in mandatory revocation of your term of supervision.
10)  You shall not frequent places where controlled substances are illegally sold, used, distributed or administered, or other places specified by the Court.
11)  You shall not associate with any persons engaged in criminal activity, and shall not

Case 3:03-cr-00355-SMM   Document 302   Filed 06/15/06   Page 3 of 4

CR 03-00355-004-PCT-RCB                                          Page 3 of 4
USA vs. Branden Bruce Pete

associate with any person convicted of a felony unless granted permission to do so by the probation officer.
12) You shall permit a probation officer to visit at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
13) You shall immediately notify the probation officer (within forty-eight (48) hours if during a weekend or on a holiday) of being arrested or questioned by a law enforcement officer.
14) You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
15) As directed by the probation officer, you shall notify third parties of risks that may be occasioned by your criminal record or personal history or characteristics, and shall permit the probation officer to make such notification and to confirm your compliance with such notification requirement.
16) If you have ever been convicted of a felony, you shall refrain from possessing a firearm, ammunition, destructive device, or other dangerous weapon. If you have ever been convicted of a misdemeanor involving domestic violence, you shall refrain from possession of any firearm or ammunition. Possession of a firearm will result in mandatory revocation of your term of supervision. This prohibition does not apply to misdemeanor cases that did not entail domestic violence, unless a special condition is imposed by the Court.
17) Unless suspended by the Court, you shall submit to one substance abuse test within the first 15 days of supervision and thereafter at least two, but no more than two periodic substance abuse tests per year of supervision, pursuant to 18 U.S.C. §§ 3563(a)(5) and 3583(d);
18) If supervision follows a term of imprisonment, you shall report in person to the Probation Office in the district to which you are released within seventy-two (72) hours of release.
19) You shall pay any monetary penalties as ordered by the Court. You will notify the probation officer of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.
20) If you have ever been convicted of any qualifying federal or military offense (including any federal felony) listed under 42 U.S.C. § 14135a(d)(1) or 10 U.S.C. § 1565(d), you shall cooperate in the collection of DNA as directed by the probation officer pursuant to 42 U.S.C. § 14135a(a)(2).

The following special conditions are in addition to the conditions of supervised release or supersede any related standard condition:

1. You shall participate as instructed by the probation officer in a program of substance abuse treatment which may include testing for substance abuse. You shall contribute to the cost of treatment in an amount to be determined by the probation officer.
2. You shall submit your person, property (including but not limited to computer, electronic devices, and storage media), residence, office, or vehicle to a search conducted by a probation officer, at a reasonable time and in a reasonable manner.
3. You shall attend a sex offender treatment program as approved by the probation officer. Treatment may include physiological testing such as plethysmography and ABEL Assessment. You shall abide by the policies and procedures of the program. You shall contribute to the cost of treatment in an amount to be determined by the probation officer.
4. You shall submit to periodic polygraph testing as approved by the probation officer as a means to determine compliance with the requirements of your therapeutic program. No violation proceedings will arise solely on the results of a polygraph examination or a valid Fifth Amendment refusal to answer a polygraph question.
5. You shall register with all state and tribal sex offender agencies in any state where you reside, are employed, carry on a vocation, or are a student, as directed by the probation officer.
.  You shall reside in a residence approved, in advance, by the probation officer. Any changes in the residence must be pre-approved by the probation officer.
7. You shall not directly or indirectly contact the victim's family without prior approval of the probation officer. Indirect contact includes, but is not limited to, letters, communication

Case 3:03-cr-00355-SMM   Document 302   Filed 06/15/06   Page 4 of 4

CR 03-00355-004-PCT-RCB                                                    Page 4 of 4
USA vs. Branden Bruce Pete

devices, audio or visual devices, or communication through a third party. You shall immediately report any contact to the probation officer.

8. You shall participate in a mental health program as directed by the probation officer which may include taking prescribed medication. You shall contribute to the cost of treatment in an amount to be determined by the probation officer.

**THE DEFENDANT IS ADVISED OF DEFENDANT'S RIGHT TO APPEAL WITHIN 10 DAYS OF ENTRY OF JUDGMENT.**

The Court may change the conditions of probation or supervised release or extend the term of supervision, if less than the authorized maximum, at any time during the period of probation or supervised release. The Court may issue a warrant and revoke the original or any subsequent sentence for a violation occurring during the period of probation or supervised release.

**IT IS FURTHER ORDERED** that the Clerk of the Court deliver two certified copies of this judgment to the United States Marshal of this district.

The Court orders commitment to the custody of the Bureau of Prisons.
The defendant is remanded to the custody of the United States Marshal.

Date of Imposition of Sentence: Monday, April 17, 2006

_____   Date _April 24, 2006_
ROBERT C. BROOMFIELD, Senior United States District Judge

**RETURN**

I have executed this Judgment as follows:_____

Defendant delivered on _____ to _____ at _____, the institution designated by the Bureau of Prisons, with a certified copy of this judgment in a Criminal case.

_____   By: _____
United States Marshal                    Deputy Marshal

CC: USA/CNSL(Thomas M. Hoidal)/PROB(2)/PTS/FIN/JUDGE/USM(2 certified)/Order Book

CR 03-00355-004-PCT-RCB - James                                         4/20/06 8:21am