WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Branden Pete, | No. CV 13-8149-PCT-RCB (DKD) |
| Petitioner, | CR 03-0355-PCT-RCB |
| v. | **O R D E R** |
| United States of America, | |
| Respondent. | |

Pending before the court is an amended "Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (28 U.S.C. § 2255)" filed by petitioner Branden Pete, *pro* se, who is confined in the U.S. Penitentiary in Florence, Colorado (Doc. 7). The petitioner is seeking to be resentenced in light of Miller v. Alabama, 567 U.S. ----, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), wherein the Court held "that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." Id. at ----, 132 S.Ct. at 2469 (citation omitted). The United States does not oppose this motion. See Resp. (Doc. 11) at 6:6-8. Accordingly, as set forth below, the court hereby **GRANTS** the petitioner's amended motion under 28 U.S.C. § 2255.

### *Prior Proceedings*

The petitioner was convicted by a jury of second degree murder, a lesser included offense of first degree murder, in violation of 18 U.S.C. § 1153 and 1111, as charged in

1  count one of the superseding indictment; felony murder in the course of a kidnapping in
2  violation of 18 U.S.C. §§ 1153 and 1201(a)(2), as charged in count two of the
3  superseding indictment; felony murder in the course of aggravated sexual abuse in
4  violation of 18 U.S.C. §§ 1153, 1111, and 2241(a)(1), as charged in count four of the
5  superseding indictment; and conspiracy to commit murder in violation of 18 U.S.C.
6  § 1117, as charged in count seven of the superseding indictment (Doc. 302).  At the time
7  of the offenses, the petitioner was a juvenile; he was 16 years old.  On April 17, 2006,
8  this court sentenced him to concurrent life terms on each of those counts, followed by
9  five years on supervised release.  Id.   On June 10, 2008, the Ninth Circuit mandate
10 issued, which affirmed the petitioner's conviction and sentences (Doc. 329);  and on
11 October 6, 2008, the Supreme Court denied *certiorari*, Pete v. U.S., 555 U.S. 926, 129
12 S.Ct. 298, 172 L.Ed.2d 218 (2008).

### *Amended § 2255 Motion*

In his amended § 2255 motion, the petitioner alleges one ground for relief.   The petitioner was 16 years old at the time of the offenses.  At the petitioner's sentencing, this court was  statutorily mandated by 18 U.S.C. § 1111 to impose a sentence of life in prison without possibility of parole.  The Supreme Court in Miller, 132 S.Ct. 2455, held that juvenile homicide offenders could not be sentenced to life in prison without possibility of parole without being afforded an opportunity to present mitigating evidence to support a sentence less than life without parole.  "The Court explained that '[m]andatory life without [the possibility of] parole for a juvenile precludes consideration' of the defendant's 'chronological age and its hallmark features,' the defendant's 'family and home environment,' the 'circumstances of the [underlying] homicide offense,' the fact that the offender 'might have been charged and convicted of a lesser offense if not for incompetencies associated with youth,' and 'the possibility of rehabilitation.'"  Bell v. Uribe, 729 F.3d 1052, 1063 (9th Cir. 2013) (quoting Miller, 132 S.Ct. at 2468).  "The Court stated that the Eighth Amendment requires 'judge or jury . . . to consider [such] mitigating circumstances before imposing the harshest penalty possible for juveniles.'"

Id. (quoting Miller, 132 S.Ct. at 2475).

The petitioner contends that Miller applies retroactively to his conviction, and thus the court should "[c]onduct a new hearing allowing him to present mitigating evidence in support of a sentence less tha[n] life without parole[.]" See Mot. (Doc. 7) at 6:7-8, ¶ 16(b). The United States agrees that Miller applies retroactively, and it does not oppose the petitioner's "request to be resentenced on an open record." See Resp. (Doc. 11) at 2:8-9 (citation omitted).

### *Conclusion*

In light of the foregoing, the court **HEREBY ORDERS** that:

(1) the reference to the Magistrate Judge (see Doc. 8) is **WITHDRAWN**;

(2) petitioner Branden Pete's amended "Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (28 U.S.C. § 2255)" (Doc. 7 – CV-13-8149-PCT-RCB(DKD) is **GRANTED;**

(3) and because the petitioner is seeking the identical relief in United States v. Pete, (Doc. 337 - CR- 03-0355-PCT-RCB), that motion is **GRANTED**;

(4) petitioner Branden Pete shall be resentenced on Monday, the 3rd day of March, 2014, at 10:00 a.m. in Courtroom 606, Sandra Day O'Connor United States Courthouse, 401 West Washington, Phoenix, Arizona 85003.

DATED this 6th day of January, 2014.

_____
Robert C. Broomfield
Senior United States District Judge