## UNITED STATES DISTRICT COURT
### DISTRICT OF ARIZONA

| | |
|---|---|
| **United States of America** | AMENDED (after re-sentencing held 7/22/2014) |
| v. | **JUDGMENT IN A CRIMINAL CASE** |
| | (For Offenses Committed on or After November 1, 1987) |
| **Branden Bruce Pete** | No.  CR 03-00355-004-PCT-SMM |
| Aliases: Brandon Pete, Baby Bear | Daniel Drake (Appointed) |
| | Attorney for Defendant |

USM#: 80183-008

**THERE WAS A** verdict of guilty on 10/31/2005 as to Counts 1, 2, 4 and 7 of the Superseding Indictment.

**ACCORDINGLY, THE COURT HAS ADJUDICATED THAT THE DEFENDANT IS GUILTY OF THE FOLLOWING OFFENSE(S):** violating Title 18, U.S.C. §1153 and 1111, CIR - Second Degree Murder, a lesser included offense of First Degree Murder, a Class A Felony offense, as charged in Count 1 of the Superseding Indictment; Title 18, U.S.C. §1153, 1111 and 1201(a)(2), CIR - Felony Murder, Kidnapping, a Class A Felony offense, as charged in Count 2 of the Superseding Indictment; Title 18, U.S.C. §1153, 1111 2241(a)(1), CIR - Felony Murder, Aggravated Sexual Abuse, a Class A Felony offense, as charged in Count 4 of the Superseding Indictment; Title 18, U.S.C. §1117, Conspiracy to Murder, a Class A Felony offense, as charged in Count 7 of the Superseding Indictment.

**IT IS THE JUDGMENT OF THIS COURT THAT** the defendant is hereby committed to the custody of the Bureau of Prisons for a term of **SEVEN HUNDRED EIGHT (708) MONTHS** on Counts 1, 2, 4 and 7, said counts to run concurrently, with credit for time served.  Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **FIVE (5) YEARS** on Counts 1, 2, 4 and 7, said counts to run concurrently.

**IT IS ORDERED** that all remaining counts are vacated subject to reinstatement if the greater offense as to each is overturned on appeal.

### CRIMINAL MONETARY PENALTIES

The defendant shall pay to the Clerk the following total criminal monetary penalties:

**SPECIAL ASSESSMENT:** $400.00     **FINE:** $0.00     **RESTITUTION:** $4,688.04

The defendant shall pay a special assessment of $400.00, which shall be due immediately.

The Court finds the defendant does not have the ability to pay a fine and orders the fine waived.

CR 03-00355-004-PCT-SMM                                                                      Page 2 of 4
USA vs. Branden Bruce Pete

The defendant shall pay restitution to the following victim(s) in the following amount(s):

Cori Brown in the amount of $325.00 and Navajo County Victim Compensation Program in the amount of $4,363.04, to be paid jointly and severally with the co-defendant(s) in this case.

The defendant shall pay a total of $5,088.04 in criminal monetary penalties, due immediately. Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows: Balance is due in monthly payments of $50.00 during the term of supervised release and will commence within 60 days after the release from imprisonment.

If incarcerated, payment of criminal monetary penalties are due during imprisonment at a rate of not less than $25 per quarter and payment shall be made through the Bureau of Prisons' Inmate Financial Responsibility Program. Criminal monetary payments shall be made to the Clerk of U.S. District Court, Attention: Finance, Suite 130, 401 West Washington Street, SPC 1, Phoenix, Arizona 85003-2118. Payments should be credited to the various monetary penalties imposed by the Court in the priority established under 18 U.S.C. § 3612(c). The total special assessment of $400.00 shall be paid pursuant to Title 18, United States Code, Section 3013 for Counts 1, 2, 4 and 7 of the Superseding Indictment.

Any unpaid balance shall become a condition of supervision and shall be paid within 90 days prior to the expiration of supervision. Until all restitutions, fines, special assessments and costs are fully paid, the defendant shall immediately notify the Clerk, U.S. District Court, of any change in name and address. The Court hereby waives the imposition of interest and penalties on any unpaid balances.

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant is placed on supervised release for a term of **FIVE (5) YEARS** on Counts 1, 2, 4 and 7, said counts to run concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

It is the order of the Court that, pursuant to General Order 12-13, which incorporates the requirements of USSG §§5B1.3 and 5D1.2, you shall comply with the following conditions, of particular importance, you shall not commit another federal, state or local crime during the term of supervision and the defendant shall abstain from the use of illicit substances:
1) You shall not commit another federal, state, or local crime during the term of supervision.
2) You shall not leave the judicial district or other specified geographic area without the permission of the Court or probation officer.
3) The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.
4) You shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
5) You shall support your dependents and meet other family responsibilities.
6) You shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
7) You shall notify the probation officer at least ten days prior to any change of residence or employment.
8) You shall refrain from excessive use of alcohol and are subject to being prohibited from the use of alcohol if ordered by the Court in a special condition of supervision.
9) You shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 801) or any paraphernalia related to such substances, without a prescription by a licensed medical practitioner. The use or possession of medicinal marijuana, even with a physician's written certification, is not permitted. Possession of controlled substances will result in mandatory revocation of your term of supervision.

CR 03-00355-004-PCT-SMM                                                                                           Page 3 of 4
USA vs. Branden Bruce Pete

10) You shall not frequent places where controlled substances are illegally sold, used, distributed or administered, or other places specified by the Court.
11) You shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
12) You shall permit a probation officer to visit at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
13) You shall immediately notify the probation officer (within forty-eight (48) hours if during a weekend or on a holiday) of being arrested or questioned by a law enforcement officer.
14) You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
15) As directed by the probation officer, you shall notify third parties of risks that may be occasioned by your criminal record or personal history or characteristics, and shall permit the probation officer to make such notification and to confirm your compliance with such notification requirement.
16) If you have ever been convicted of a felony, you shall refrain from possessing a firearm, ammunition, destructive device, or other dangerous weapon.  If you have ever been convicted of a misdemeanor involving domestic violence, you shall refrain from possession of any firearm or ammunition.  Possession of a firearm will result in mandatory revocation of your term of supervision.  This prohibition does not apply to misdemeanor cases that did not entail domestic violence, unless a special condition is imposed by the Court.
17) Unless suspended by the Court, you shall submit to one substance abuse test within the first 15 days of supervision and thereafter at least two, but no more than two periodic substance abuse tests per year of supervision, pursuant to 18 U.S.C. §§ 3563(a)(5) and 3583(d);
18) If supervision follows a term of imprisonment, you shall report in person to the Probation Office in the district to which you are released within seventy-two (72) hours of release.
19) You shall pay any monetary penalties as ordered by the Court.  You will notify the probation officer of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.
20) If you have ever been convicted of any qualifying federal or military offense (including any federal felony) listed under 42 U.S.C. § 14135a(d)(1) or 10 U.S.C. § 1565(d), you shall cooperate in the collection of DNA as directed by the probation officer pursuant to 42 U.S.C. § 14135a(a)(2).

The following special conditions are in addition to the conditions of supervised release or supersede any related standard condition:

1.  You shall participate as instructed by the probation officer in a program of substance abuse treatment which may include testing for substance abuse.  You shall contribute to the cost of treatment in an amount to be determined by the probation officer.

2.  You shall participate in a mental health program as directed by the probation officer which may include taking prescribed medication.  You shall contribute to the cost of treatment in an amount to be determined by the probation officer.

3.  You shall abstain from all use of alcohol or alcoholic beverages or any substances not prescribed by a physician.

4.  You shall attend and participate in a sex offender treatment program and sex offense specific evaluations as approved by the probation officer. You shall abide by the policies and procedures of all the treatment and evaluation providers. You shall contribute to the cost of such treatment and assessment not to exceed an amount determined to be reasonable by the probation officer based on ability to pay.

5.  You shall not directly or indirectly contact the deceased victim's family, and the probation officer will verify compliance.

Case 3:03-cr-00355-SMM   Document 384   Filed 07/28/14   Page 4 of 4

CR 03-00355-004-PCT-SMM                                                    Page 4 of 4
USA vs. Branden Bruce Pete

6. You shall register as a sex offender in compliance with all federal, state, tribal or other local laws or as ordered by the Court. Failure to comply with registration laws may result in new criminal charges.

7. You shall submit your person, property, house, residence, vehicle, papers, computers as defined in 18 U.S.C. 1030(e)(1), other electronic communications or data storage devices or media, or office, to a search conducted by a probation officer. Failure to submit to a search may be grounds for revocation of release. You shall warn any other occupants that the premises may be subject to searches pursuant to this condition.

8. You shall provide the probation officer access to any requested financial information.

9. You are prohibited from making major purchases, incurring new financial obligations, or entering into any financial contracts without the prior approval of the probation officer.

10. You are prohibited from owning, maintaining or using a firearm, destructive device or any knife more than six inches long.

**THE DEFENDANT IS ADVISED OF DEFENDANT'S RIGHT TO APPEAL BY FILING A NOTICE OF APPEAL IN WRITING WITHIN 14 DAYS OF ENTRY OF JUDGMENT.**

The Court may change the conditions of probation or supervised release or extend the term of supervision, if less than the authorized maximum, at any time during the period of probation or supervised release. The Court may issue a warrant and revoke the original or any subsequent sentence for a violation occurring during the period of probation or supervised release.

The Court orders commitment to the custody of the Bureau of Prisons.

The defendant is remanded to the custody of the United States Marshal.

Date of Re-imposition of Sentence: **Tuesday, July 22, 2014**

_____     DATED this 25th day of July, 2014.
Stephen M. McNamee
Senior United States District Judge

**RETURN**

I have executed this Judgment as follows:_____

Defendant delivered on _____ to _____ at _____, the institution designated by the Bureau of Prisons, with a certified copy of this judgment in a Criminal case.

_____       By:_____
United States Marshal                                  Deputy Marshal