Atmore L. Baggot, Esq., S.B. #2342
1615 N. Delaware, spc 144
Apache Jct., Az 85120

Telephone and Voice Mail: (480) 983-9394
Pager: (602) 232-4531

Attorney for Defendant Brandon Pete

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States Of America, | ) | |
|---|---|---|
| | ) | No. CR 03-00355-004 PCT-SMM |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | DEFENDANT'S RESENTENCE |
| | ) | MEMORANDUM |
| Brandon Pete, | ) | |
| | ) | |
| Defendant. | ) | (Sent = 05/10/17 @ 2:00) |
| _____ | ) | |

Of the sentencing factor in 18 U.S.C. § 3553(a), the most relevant is "the nature and circumstances of the offense" which resulted in a death. There is, however, a policy statement that addresses death. It is USSG §5K2.1:

> Loss of life does not automatically suggest a sentence near the statutory maximum. The sentencing judge must give consideration to matters that would normally distinguish among levels of homicide, such as the defendant's state of mind and the degree of planning or preparation.

The jury concluded that the government was unable to meet its burden of proof for First Degree Murder. It returned a verdict of the lesser crime of Second

1

Degree Murder. At the time of the crime, the defendant as well as those around him were severely intoxicated. Defendant Pete was the youngest of the group and in fact had passed out from consumption of alcohol several times. It is hard to accept the Presentence Report's conclusion that Pete was a "leader" when he was also the youngest as well as being inebriated..

The crime itself was accomplished in a very primitive manner. In all probability, the means used (stones) were selected because they were there on the ground and readily available. Had there been a stack of baseball bats, death would probably have been by beating. The boys did not premeditate this crime in the sense of bring rocks with them to be used in the commission of the crime. There was no extensive preparation. The group argued among themselves. They feared retaliation by the family of the victim as much as law enforcement.

It is noteworthy that several months passed before the crime was discovered. It only came to light via a relative of the defendant named Charlotte Pete. In retrospect, it was the perfect crime. It was in a remote area with no witnesses and no finger prints. It is an area no frequented by anyone. The body would have decomposed over time and possibly never would have been found. Charlotte Pete is the defendant's step-sister (his father's daughter). Immediately following the crime, defendant reports tht he ws depressed and traumatized. He reported at an October 5, 2016, interview that he felt like there was a heavy

weight upon him. (PSR ¶24 on page 7). In his August 23, 2002, interview with tribal law enforcement, defendant readily admitted the crime. At least he was honest about it. (PSR ¶28 on page 8).

At the resentencing now set for Thursday, May 10, 2017, the defense will address the factors of "afford adequate deterrence" and "protect the public". Dr. Marc Walter will discuss possible conditions of supervised release which would save the government some of the tremendous costs of incarceration this individual until age 75. The PSR reports the annual cost of incarceration to be $28,948. (PSR ¶ 105 on page 21). Other Presentence Reports estimate costs of over $31,000 per year. Either amount multiplied by the remaining number of years of incarceration is a tremendous amount which the government could be spending on education, highway repair, healthcare, and numerous other worthy subject matters.  Dr. Walter is the second professional who has concluded that the defendant is "salvageable".

Dated: May 5, 2017.

                              ____/s/ Atmore Baggot____
                                   Atmore Baggot
                     Attorney for Defendant Brandon Pete

Copy automatically sent via CM/ECF
on the above date to registered users:

Mr. Vincent Kirby, Esq.
Assistant U.S. Attorney
Ms. Charity Rock, PO

   /s/ Atmore Baggot__